MARY J. PETTIT v. THE MUSKEGON BOOMING COMPANY, GARNISHEE OF WILLIAM SQUIERS, PRINCIPAL DEFENDANT.

*Garnishment—Corporations—Service—Exemption.*

1. A book-keeper is not an officer or agent within the meaning of Act No. 175, Laws of 1885, authorizing garnishee proceedings against corporations, and has no power to appear for or bind such corporations in such proceedings.

2. The garnishee statute, exempting the wages of a "householder having a family" to the amount of $25, applies to a husband residing in this State, and who is supporting his family in Canada from his wages.

Error to Muskegon. (Dickerman, J.) Argued February 7, 1889. Decided February 15, 1889.

Garnishment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Chaddock & Sullivan,* for appellant.

*DeLong & O'Hara,* for defendant.

CAMPBELL, J. This is a garnishee proceeding. Plaint-

iff sued William Squiers as principal defendant before a justice, and got judgment for $1.35 damages, and $6.54 costs. Pending this suit an affidavit in garnishment was filed against defendant garnishee as owing Squiers. The sheriff returned that he had served this process on William Foster, assistant treasurer of defendant. Foster appeared, and as book-keeper undertook to make a disclosure that defendant owed Squiers $13.04. After judgment in the principal cause, a process to show cause was directed to Foster as book-keeper. Defendant appeared, and attempted to show that it owed nothing to Squiers except for labor, and that he was head of a family, and resided in Muskegon, where his family had been with him, but whom he was supporting in Canada, out of his. wages. The justice held that the wages were not exempt, and also treated the disclosure as not open to amendment.

The statute does not provide that such an employé as a book-keeper can represent the company so as to make it responsible. He is not an officer or agent, and has no power to appear for it, or to bind it. This would dispose of the case alone, but we prefer to decide it on the more important ground that the statute exempts the wages of a "householder having a family" to the amount of $25. Squiers resided in Muskegon, and was head of a family, whom he supported. We need not consider the case of persons who, with their families, are all non-resident. The term "householder" sometimes covers the case of a man without a family of wife or children who keeps up a house, but it also embraces usually the head of an actual family dependent on him, whether housekeeping or not. No doubt many legal phrases may be construed differently, according to context and subject-matter. But the purpose of the exemption in the garnishee law is so plainly to enable husbands or other heads

of families to support the family, as well as in case of house occupancy to meet its expenses, that no reasoning can make it plainer. The circuit court so held in reversing the justice's judgment, and the judgment of the circuit court must be affirmed, with costs. The record is peculiar in some other respects, but they need not be referred to.

The other Justices concurred.