[L. A. No. 341.   Department Two.—December 9, 1897.]

VENTURA COUNTY, Appellant, v. HENRY CLAY, County Treasurer et al., Respondents.

ACTION UPON BOND OF COUNTY TREASURER—AUTHORITY OF DISTRICT ATTORNEY—RECOVERY OF MONEY PAID UPON ILLEGAL CLAIMS—CONSTRUCTION OF COUNTY GOVERNMENT ACT.—Section 8 of the County Government Act, authorizing the district attorney to institute a suit in the name of the county, without an order of the board of supervisors, to recover money illegally paid to any person or persons, contemplates an action brought against the recipient of funds illegally paid, and has no application to an action brought upon the bond of the county treasurer for the improper payment of illegal claims, and the district attorney has no authority to bring such an action, unless ordered to do so by the board of supervisors.

ID.—DISMISSAL OF ACTION—LACK OF AUTHORITY OF DISTRICT ATTORNEY.—A motion to dismiss an action brought by the district attorney is proper procedure, when the action is brought by him without authority.

ID.—RENEWAL OF MOTION—DISCRETION.—Where the superior court is led to believe that it has fallen into error in refusing a motion to dismiss an action brought by the district attorney without authority, it is not an abuse of discretion to permit a renewal of the motion, and to decide it in accordance with views expressed by the appellate tribunal.

APPEAL from a judgment of the Superior Court of Ventura County.   Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

H. L. Poplin, District Attorney, for Appellant.

Blackstock & Ewing, Orestes Orr, and Barnes & Selby, for Respondents.

HENSHAW, J.—The district attorney instituted this action in the name and on behalf of the county to recover from the treasurer of the county, and from his bondsmen, moneys alleged to have been paid on illegal claims, together with a penalty of twenty per cent upon the amount so paid.

Defendants moved to dismiss the action upon the ground that it was instituted without authority, and also interposed a general demurrer to the complaint.   The motion was denied, but the de-

murrer was sustained. Upon appeal to this court, it was held that the complaint stated a cause of action against the treasurer and his bondsmen; that the cause of action was not one of those contemplated by section 8 of the County Government Act, but was an ordinary action upon an official bond. The judgment was accordingly reversed, with directions to the trial court to overrule the demurrer. (*Ventura County v. Clay*, 114 Cal. 242.)

Upon the reappearance of the case in the trial court, defendants sought permission to renew their motion to dismiss upon the ground formerly urged. Permission was obtained, and the motion to dismiss was granted.

Plaintiff appeals, contending that the action is properly brought under section 8 of the County Government Act, and that authority from the supervisors is not necessary to the prosecution of such an action. Further, it is urged that the court having once denied the motion to dismiss, it was an abuse of discretion to permit its renewal upon the same ground.

Section 8 of the County Government Act is as follows: "Hereafter, whenever the board of supervisors shall, without authority of law, order any money paid as a salary, fees, or for any other purpose, and such money shall have been actually paid, or whenever any other county officer has drawn any warrant or warrants in his own favor, or in favor of any other person, without being authorized thereto by the board of supervisors or by law, and the same shall have been paid, the district attorney of such county is hereby empowered, and it is hereby made his duty, to institute suit in the name of the county against such person or persons to recover the moneys so paid and twenty per cent damages for the use thereof, *and no order of the board of supervisors shall be necessary to maintain such suit.*"

The language italicized is significant, and when it is considered with the provisions of section 25, subdivisions 1 and 17, of the same act, the conclusion is irresistible that in all other cases saving those embraced in section 8 a district attorney can institute an action only under direction of the board of supervisors. For by subdivision 1 of section 25 it is made the duty of the supervisors "to supervise the official conduct of all county officers . . . . and to direct prosecutions for delinquencies"; while by subdivision 17 of the same section boards of supervisors are empowered

"to direct and control the prosecution and defense of all suits to which the county is a party."

By subdivision 3 of section 136 it is made the duty of the district attorney "to prosecute all actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his county." But this gives him no right to institute proceedings at will. It merely imposes a duty upon him so to do when directed by competent authority.

Defendants' motion to dismiss, when first decided, was denied by the trial court under the conviction that the cause of action was one contemplated by section 8, and was one, therefore, which the district attorney could and should prosecute without authority from the board. In passing upon the former appeal it was said by this court: "It is enough to say that there is nothing in the body of the complaint indicating that the action is based upon section 8 of the County Government Act, nor that it is not wholly based upon the official bond set out in the complaint." (*Ventura County v. Clay, supra.*)

With this language before it, the trial court very naturally believed that it had fallen into error in its ruling denying the motion, and for this reason, and in the light of this court's utterance, it permitted a renewal of the motion, and decided it in accordance with the views expressed by the appellate tribunal. There was no abuse of discretion in this.

That a motion to dismiss was the proper procedure to take when the authority of the attorney is challenged, there can be no doubt. (*Turner v. Caruthers*, 17 Cal. 432; *Clark v. Willett*, 35 Cal. 534; *Missouri v. Luce*, 62 Fed. Rep. 419.)

In the decision upon the first appeal, as published in the official reports, the paragraph above quoted was omitted, it being considered *dictum*. (See *Ventura County v. Clay, supra.*) The effect of this, however, is merely to relieve the question from the strict rule of the law of the case, and to allow its presentation for determination upon the merits.

So considering it, we think the conclusion reached by the trial court was correct. Section 8 of the County Government Act contemplates an action brought against the recipient of funds illegally paid. It is so construed in *County of Orange v. Harris*, 97 Cal. 600, where it is said: "The action is based upon the provi-

sions of section 8 of the County Government Act, which provides in substance that whenever any board of supervisors shall, without authority of law, order any money paid as salary or fees, and such money shall have been actually paid, it shall be the duty of the district attorney to commence suit in the name of the county against the person to whom the money was paid to recover the same, and twenty per cent damages for the use thereof."

This action, however, is not prosecuted against the person to whom the money was paid, but against the officer by whom it was paid, and against the sureties upon his official bond, to recover damages for the official's delinquency. This is not such an action as is contemplated by the section.

It follows that the suit was instituted by the district attorney without authority in law, and that the motion to dismiss was properly granted.

The order appealed from is, therefore, affirmed.

McFarland, J., and Temple, J., concurred.