[Civ. No. 935. First Appellate District.—February 25, 1911.]

## SADIE LAWSON, Appellant, v. ALFRED B. LAWSON, Respondent.

HUSBAND AND WIFE — DIVORCE — JUDGMENT FOR ALIMONY—PARTIAL EXEMPTION — EARNINGS FOR SUPPORT OF HUSBAND'S INDIGENT MOTHER—RESIDENCE.—Where a wife, who had obtained a divorce from her husband, was seeking to enforce a judgment for alimony out of the whole of the earnings of the husband, it is held that the court properly made a partial exemption out of such earnings for the support of the husband's indigent mother, who was shown to be old and in poor health, and unable to maintain herself, and to have to look to her son for her sole means of support, and to be a resident of the state, and that, being so dependent on her son for support, she was a member of his family within the meaning of section 690 of the Code of Civil Procedure allowing such exemption, though not residing with her son.

ID.—FAMILY OF JUDGMENT DEBTOR—COMMON ABODE NOT ESSENTIAL.— It is not essential, to constitute a member of the family of the judgment debtor, that they should occupy a common abode. The debtor's wife and children may not be living with him, and yet they form part of his family. Though in a narrow and strict sense, a mother not living with her son is not a member of his family by virtue of their relationship, yet, where she is indigent and helpless, and dependent on him for support in this state, she forms part of his family, though not having the same abode.

ID.—LEGAL DUTY OF CHILD TO SUPPORT INDIGENT PARENT.—Under section 206 of the Civil Code, the legal obligation is imposed upon a child to support an indigent and helpless parent, to the extent of his ability.

ID.—TEST OF CONSTITUTION OF FAMILY.—It is the relation, and dependence of the relation, and not the aggregation of the individuals, that constitutes a family.

ID.—INSUFFICIENT PROOF OF FORMER PARTIAL EXEMPTION—REVERSAL OF ORDER UPON APPEAL—RES ADJUDICATA—SUBSEQUENT ORDER UPON PROPER PROOF.—Where a former order allowing a partial

exemption was made upon insufficient proof and was reversed upon appeal, such reversal is not *res adjudicata,* in the sense that it precludes a subsequent order upon a motion presenting new evidence sufficient to sustain the order.

ID.—PRINCIPLE OF RES ADJUDICATA NOT APPLICABLE TO MOTIONS.—The court committed no error in permitting the defendant to prove the proper facts to sustain the subsequent order. Such permission was no more in effect than allowing him to renew his motion for an order of exemption. The principle of *res adjudicata* is not, in a strict sense, applicable to motions.

ID.—RENEWAL OF MOTION A MATTER OF DISCRETION.—In this state the granting or denying of permission to renew a motion is matter of discretion with a trial judge.

ID.—EFFECT OF REVERSAL OF FORMER ORDER—LIBERAL EXERCISE OF DISCRETION—ABUSE NOT SHOWN.—It is held that the defendant having had the benefit of a hearing in the trial court, and of an appeal from the trial court's order, the permission accorded him by the trial court to make the proof in question was a very liberal exercise of judicial discretion, yet this court is not prepared to say that such discretion was abused.

ID.—QUESTION PROPER TO BE DECIDED—PROPRIETY OF EXEMPTION FROM ALIMONY.—The question whether statutory exemptions from execution have any application to an award of alimony, raised in argument, is too important to pass without decision. (Per Beatty, J., dissenting from order denying rehearing.)

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing partial exemption of the earnings of a judgment debtor as against a judgment for alimony in favor of his divorced wife. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

H. H. McPike, and Crittenden Thornton, for Appellant.

Leon Samuels, and Jacob S. Meyer, for Respondent.

KERRIGAN, J.—In an action for divorce plaintiff obtained judgment against the defendant, which provided, among other things, that defendant pay to plaintiff the sum of $100 per month for her support and maintenance. The defendant having failed to comply with this provision of the judgment, the plaintiff took proceedings under section 710, Code of Civil Procedure, and filed with the auditor of the city and county

15 Cal. App.—32

of San Francisco (defendant being at that time a justice of the peace of said city and county receiving a monthly salary of $300) a duly authenticated copy of the judgment, whereupon said auditor paid into court the sum of $1,200, the amount of salary at that time due defendant. In due time plaintiff moved the court for an order that the whole of this sum be paid to her in part satisfaction of said judgment. After hearing had, the court ordered that of the sum of $600, representing defendant's salary for two months, the plaintiff be paid $400, and that $200 was exempt from execution, and should be paid to defendant.

Plaintiff appeals from this order, and asks for its reversal upon the ground, among others, that the defendant was not entitled to any exemption whatever; and this is the principal question to be determined.

Section 690 of the Code of Civil Procedure provides as follows: "The following property is exempt from execution or attachment, except as herein otherwise specially provided: . . . 10. The earnings of the judgment debtor for his personal services rendered at any time within thirty days next preceding the levy of execution or attachment, when it appears by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family, residing in this state, supported in whole or in part by his labor; . . ."

Defendant claimed the exemption upon the ground that the fund attached constituted his earnings, and that the said earnings were necessary for the support of his family residing within this state. In substantiation of this claim defendant introduced evidence tending to show that he contributed to the support of his mother. The evidence on this point discloses that while the defendant and his mother do not dwell under the same roof, she is nevertheless a resident of this state; that she is old, in poor health, and unable to maintain herself, and looks to defendant for her sole means of support.

Upon this evidence the court concluded that defendant's mother was a member of his family within the meaning of the section quoted; and after careful consideration we are of the opinion that this conclusion is sound and correct.

Section 206 of the Civil Code imposes upon a child the legal obligation to support an indigent parent to the extent of his ability. While in a strict sense, or perhaps, we should say,

in a narrow sense, a mother not living in the same household as her son is not a member of his family, yet where, as here, she is in poor health, destitute of property or the means of subsistence, is supported by him and resides within the state, we think she is a member of his family within the meaning of the language employed in the section.   Any other construction would make the provisions of the law inconsistent; for, on the one hand, it would require a son to support his parent by reason of the family tie, and yet deprive him of an exemption specially created for the purpose of enabling him to discharge his obligations to his family.   Furthermore, the question of whether the parent occupies the same abode as the judgment debtor should not be the exclusive test; for it is apparent that the debtor's wife or children might not be living with him, and yet it would not be seriously contended that they did not form part of his family.

In *Lawson* v. *Lawson,* 158 Cal. 446, [111 Pac. 354, 356], the supreme court, after stating that the language of subdivision 10 of section 690, Code of Civil Procedure, "for the use of his family residing in this state," clearly implies that one may be a member of a debtor's family although residing apart from him, proceeded to say (speaking through Mr. Justice Angellotti) : "But it seems clear that they are the only relatives who can properly be held to be members of 'his family' within the meaning of the statute, with the possible exception of such other relatives as to whom exists on his part the legal obligation of support and maintenance."

In discussing this question the supreme court of Alabama, in *Sallee* v. *Waters,* 17 Ala. 482, said: "To constitute a family within the meaning of the act (the exemption act), the relation of parent and child or husband and wife must exist. There must be a condition of dependence of the one or the other of these relations, but it is not necessary that all the dependents should live under the same roof or that the family should live together.   It is the relation and dependence of the relation, not the aggregation of the individuals, that constitutes a family."   (See, also, *State* v. *Finn,* 8 Mo. App. 261, 264; 12 Am. & Eng. Ency. of Law, 93.)

Appellant also makes the point that the order in this case should be reversed, for the reason that the matter of the defendant's right to claim the exemption of this fund is *res*

*adjudicata,* and that the trial court, therefore, erred in receiving evidence in support of defendant's said claim.

It appears that the defendant had previously made a motion in the trial court for an order that all money so paid by the auditor into court under the said proceedings initiated by the plaintiff was exempt from execution and should be paid to defendant. The court duly made its order, declaring part of said money exempt and that it be paid to defendant. Upon appeal by the plaintiff to the supreme court this order was reversed. (*Lawson* v. *Lawson, supra.*) Upon the hearing of plaintiff's motion, when the defendant offered testimony in support of his claim of exemption the plaintiff objected, upon the ground that the question was *res adjudicata.* The court overruled the objection, and permitted the defendant to prove the facts relating to his mother's dependent condition, which proof had not been made upon the hearing of defendant's said motion.

The court committed no error in so doing. The permission to defendant to prove such facts was no more, in effect, than allowing him to renew his motion for an order of exemption. The principle of *res adjudicata* is not in a strict sense applicable to motions. In this state the granting or denying of permission to renew a motion is a matter of discretion with the trial judge. (*Kenney* v. *Kelleher,* 63 Cal. 442; *Bowers* v. *Bob,* 46 Cal. 279; *Ventura Co.* v. *Clay,* 119 Cal. 213, [51 Pac. 189].) And while in this matter we think that the defendant, having had the benefit of a hearing in the trial court, and of an appeal to the supreme court from the trial court's order, the permission accorded him by the latter court to make the proof in question was a very liberal exercise of judicial discretion, yet we are not prepared to say that such discretion was abused.

The order is affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1911.

Beatty, C. J., dissented from the order denying a hearing in the supreme court and filed the following opinion on April 27, 1911:

BEATTY, C. J.—I dissent from the order denying a rehearing of these causes.

Each was regularly and properly appealed to this court, and afterward transferred to the district court of appeal for hearing and decision. In each was involved a question of vital importance to which no reference is made in the opinion of the district court of appeal, notwithstanding it was fully argued by the appellant—the question, that is to say, whether the statutory exemptions from execution have any application to an award of alimony. This, in my opinion, is a question of too serious import to be passed over in silence. It may be that in view of the terms of our statutes the apparent conclusion of the appellate court could not be set aside, but if so, I am convinced that the policy of the statute is indefensible— a view sufficiently illustrated by the result of this litigation. In such cases an explicit declaration by the courts of the grounds of their decision would serve the useful purpose of calling the attention of the legislature to the propriety of amending the statute.