*Ex parte* Phillips.
*In re* Phillips' Estate.

[94 South. 840.   No. 23009.]

Insane Persons.   *Dependent mother held entitled to support from estate of insane son, where he supported her and was single; "of his family."*
Under section 2438, Code 1906 (Hemingway's Code, section 1999) a dependent mother is entitled to support from the estate of her insane son as a member of his family, where they lived together, and he supported her, and he is a single person.

Appeal from chancery court of Hinds county.
Hon. V. J. Stricker, Chancellor.
Petition by Mrs. Daisy Phillips for allowance out of the estate of her son, Ray Phillips, who has been adjudged.

insane. From an order disallowing her petition, she appeals. Reversed, and judgment for petitioner.

*Chas. W. Crisler* and *Robert S. Phifer*, for appellant.

The contentions of the appellant are to the effect that under section 1999, Hemingway's Code, the appellant is entitled to an allowance out of the estate of the *non compos mentis* for the reason that she is, and was, a member of his family, partially dependent upon him for support and under the law is entitled to such amount as may be fixed by order of the court. Section 1999 is as follows:

"Duties and powers of guardians other than of minors— Management of estate—It shall be the duty of the guardian of such person to improve the estate committed to his charge, and to apply so much of the income, profit or body thereof as may be necessary for the comfortable maintenance and support of the ward, and of his family, if he has any, after obtaining an order from the court fixing the amount."

We do not believe the courts of this state have defined in this particular instance what is meant by the term "family," as used in this section, and for that reason, are of the opinion that each case must be determined according to the particular facts. The proof in this case is to the effect that prior to the war, Ray Phillips was living with the appellant, his mother, contributing monthly to her support, and after his return from the army, remained under the supervision of the government, drawing his monthly allotment and continuing his contribution to the support of his mother. At this time, the record shows, the *non compos mentis* was more or less away from home due to the fact that he was moved from place to place by the government, yet, at the same time, he still considered his mother as a member of his family and dependent upon him for support.

As to whether or not a man's mother, who is dependent upon him for support, is a member of his family within

the meaning of the statute, is for this court to determine after having taken the surrounding circumstances into consideration. A careful search has failed to reveal any case directly in point, but we have found where the word "family" has been construed to include children, step-children, brothers, sisters, nieces and nephews. It is a settled fact that an insane person and his family are entitled to support and maintenance from the estate of such insane person (14 R. C. L. 578) and it is the contention of the appellant that the word "family" is meant to include all persons dependent upon that person for support, and who, by some remote cause, may become a charge on the public unless so provided for.

In the case at bar, the statement of facts as shown by the record go much further than the mere fact that the appellant is unquestionably a member of the insane person's family, but further shows that during the time when he was in charge of his estate that he contributed monthly to appellant's support and this continued over a period of years, and was his wish that such support should always continue, and was so stated by the court in his order. And we therefore contend, that if, under any circumstances, this court should hold that the appellant is not a member of the insane person's family as intended by the statute, then the fact that the insane person made the monthly allowance when he was in charge of his estate, and it is today his wish that same be continued as shown by the pre-existing facts, then such allowance should be made and the wishes of the insane person carried out.

In order to bring the contentions of the appellant squarely before the court, we will state that the appellant contends that even though she is not considered a member of the insane person's family, she is entitled to an allowance of the twenty-five dollars per month for the reason that there should be no revocation by the guardian on account of the subsequent insanity of the person making the allowance. That is to say, that an order fixing the amount by the court as the same as that fixed by the insane person

himself, the guardian should make the allowance and same should not be discontinued because of the subsequent insanity of the person in the case at bar.   In support of this contention, the appellant relies on the case of *Potter et ux.* v. *Berry,* 53 N. J. Eq. 151, 32 Atl. 259, 51 A. S. R. 626. 34 L. R. A. 297.

HOLDEN, J., delivered the opinion of the court.

The appellant, Mrs. Daisy Phillips, petitioned the chancery court for an allowance of twenty-five dollars per month out of the estate of her son, Ray Phillips, who has been adjudged insane and is now in the hospital, for her support and maintenance, and, the chancellor having disallowed her petition, she prosecutes this appeal.

The appellant is the mother of Ray Phillips, and is now also his guardian, appointed by the court.   He was living with his mother and contributing to her support when he became insane.   He is a single man, having no family or close relatives depending upon him, or having lived with him except his mother.   She was and is now dependent upon her son for support, and received twenty-five dollars per month from him before he was adjudged insane.   This twenty-five dollars per month he contributed to her support out of an allotment of eighty dollars per month by the United States government, on account of disability received while serving in the army.   The appellant, his mother, who is now his guardian, asks the court to continue this allowance to her and cites section 2438, Code of 1906 (Hemingway's Code, section 1999), which provides, among other things, that the guardian of an insane person shall apply so much of his estate as may be necessary for the comfortable maintenance and support of the ward "and of his family, if he have any," etc.

We infer that the chancellor refused to give the relief petitioned for, because he construed the statute with reference to "his family" as meaning the ward's wife and children, and that it does not apply to his mother.   We disagree with the chancellor in his construction of the statute.   We shall not undertake to decide who is and who is

not a member of the family in every case, but in the case at bar we think the mother of the ward is "of his family," for the reason that he lived with his dependent mother and contributed twenty-five dollars per month to her support before he was declared insane out of the eighty dollars per month allowance granted him by the government.    Therefore the ward here has no other family, and we think, under the facts of this case, his mother is a member of his family and is entitled to the support given by the statute. *Lawson* v. *Lawson,* 15 Cal. App. 496, 115 Pac. 461, 462, 464.

The decree of the lower court is reversed, and judgment entered here for appellant.

*Reversed.*