In re Freeman's Estate.

(Division A. Oct. 29, 1934.)

[157 So. 253. No. 31395.]

Wm. I. McKay, of Vicksburg, for appellant.

Leonard E. Nelson, of Vicksburg, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal by the First National Bank & Trust Company of Vicksburg, guardian of the estate of Ned Freeman, of unsound mind, from a decree of the chancery court of Warren county requiring the guardian to pay out of the estate of its said ward a monthly allowance for the support and maintenance of Martha Peel Freeman, the stepmother of the ward, as a dependent member of his family under section 1903, Code 1930.

From the averments of the guardian's petition, and the findings of the court thereon, it appears that the said Martha Peel Freeman became the stepmother of the said ward when he was an infant of tender years; that she reared, nurtured, and cared for said ward as a most dutiful mother, so that he never knew any other mother; that, during his minority, and until he became a soldier in the World War, the ward lived in the home of his father

and stepmother, on a small farm, and contributed his labor to the support of the family; that while he was in the service in the World War he became, and still is, insane, this insanity being in all probability incurable and permanent; that the ward is unmarried; that his father has died, and his stepmother is now old, infirm, and dependent; and that the United States Veterans' Bureau has recommended that an allowance for her support and maintenance be made out of the said ward's estate.

The record further shows that the corpus of the said ward's estate is approximately nineteen thousand dollars, and that he now receives one hundred fifty-seven dollars and fifty cents per month from the United Veterans' Bureau as compensation and war risk insurance; that his monthly insurance income of fifty-seven dollars and fifty cents will only continue for four additional years, but that he will continue to receive one hundred dollars per month as compensation; and that he also has an annual income from investments of approximately four hundred twenty-one dollars, while his total annual expenses approximate the sum of five hundred dollars.

The sole question presented for decision is whether or not, under the above-stated facts, the insane ward's stepmother is a member of his family within the meaning and purview of section 1903, Code 1930, which provides, among other things, that the guardian of an insane person shall apply so much of his estate "as may be necessary for the comfortable maintenance and support of the ward, and of his family, if he have any, after obtaining an order from the court fixing the amount."

The word "family," as defined by the lexicographers, is one of broad meaning and may include persons whom the ward, under normal conditions, would be under no legal duty to support. The measure of a guardian's authority to apply any part of the ward's estate to the maintenance and support of the ward's family is found

in the mentioned statute, but the statute nowhere defines the word "family" in this connection. Consequently, the question of who is and who is not a member of the ward's family within the meaning of this statute must be determined from the particular facts involved, and by a process of inclusion and exclusion. The word will always be construed to include those whom the ward, under normal conditions, would be under legal duty to support, such as his wife and dependent children, and under some circumstances may include others. In Ex parte Phillips, 130 Miss. 682, 94 So. 840, the court declined to give a definition of the word that would be applicable in all cases, but held that a dependent mother would be included where the ward was unmarried, and lived with her, and contributed to her support before he became insane.

Under the particular facts of the case at bar, in so far as the right to support out of the estate of the ward is concerned, we think the stepmother stands in the same attitude as would a natural mother. The record discloses that she became the ward's stepmother when he was an infant of tender years; that she dutifully cared for and nurtured him throughout the period of his infancy; and that he contributed to her support until he was inducted into the Army during the World War. We should not be understood to hold that in all cases a stepmother would be held to be a member of the ward's family who is entitled to the support authorized by this statute; but under the particular facts here involved, we think the chancellor was correct in making the allowance for the support of the dependent stepmother.

Affirmed.