[Civ. No. 20892.    First Dist., Div. Three.    Oct. 11, 1963.]

JESSIE ZENOBA KITCHEN, Plaintiff and Appellant, v. ROBERT H. DELAFIELD, Defendant and Respondent.

Vizzard, Baker, Sullivan & McFarland and Allan H. Mc-Farland for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart & Johnson and Robert A. Seligson for Defendant and Respondent.

DEVINE, J.—Plaintiff appeals from a summary judgment in favor of defendant Robert H. Delafield. The judgment was granted on the ground that plaintiff, though obliged by statute to file claim under both section 801 and section 803 of the Government Code, had not complied with either of said sections.[1]

There is no dispute, for the present purpose, about the facts, which are set forth in the pleadings, answers to requests for admissions, certificates under penalty, and plaintiff's deposition. On August 21, 1958, an abdominal operation was performed on plaintiff, a patient at Mendocino County Hospital, by defendant, who was an employee of the hospital and who was acting in the scope of his employment. No other physician performed surgery on plaintiff. On July 2, 1959, plaintiff consulted another physician, and after X-ray, was advised by him that there was a surgical needle in her abdomen. She had not previously discovered this fact.

On September 21, 1959, plaintiff filed with the county clerk a claim: "TO THE COUNTY OF MENDOCINO, A POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA, AND TO THE BOARD OF SUPERVISORS, AS THE GOVERNING BOARD OF SAID COUNTY OF MENDOCINO, AND TO W. J. BROADDUS, AS COUNTY CLERK OF

[1] Sections 801 and 803, and the entire division 3.5 of title 1 of the Government Code, in which they were contained, were repealed in 1963. (Stats. 1963, ch. 1715, § 6.)

SAID BOARD OF SUPERVISORS." The claim states that it is filed in accordance with the provisions of sections 29704, 29705, 53052 and 53053 of the Government Code "and other provisions of the laws of the State of California pertaining thereto." The facts of the operation, the finding of the needle, damages and the like are stated. It is stated that the surgery was performed by "Dr. *Garfield,* an agent of the said County and by other doctors as agents and representatives of the said County, the names of which are unknown to your claimant, but are well within the knowledge of said County." The claim ends with demand upon the County of Mendocino in the sum of $75,000. It was rejected by the county on the day after it was filed.

Plaintiff had known that the surgeon was named Delafield, because he had visited her "every morning" after the operation, and his name was on the foot of the bed, but had made a mistake "in pronouncing his name," as she said, to her attorney.

On September 24, 1959, three days after the filing of the claim, plaintiff's counsel wrote to the hospital stating that the firm represented plaintiff, a former patient, giving the date of the operation, stating that plaintiff had requested her medical file for examination by a physician, and offering to pay for photostating. The administrator of the hospital replied that he had been advised by the district attorney not to furnish the medical file, and saying, "Please correspond with the District Attorney's office direct for any further information in this matter."

No further demand, request or correspondence appears. At no time has a claim been presented to defendant. On March 25, 1960, complaint was filed. There is no mention in it of defendant's being an employee, and no mention of the county or its hospital. Nothing is said about filing of any claim.

In the Government Code there were, at all times relevant, two statutes relating to claims against public officers. This caused adverse comment from responsible sources (Van Alstyne, *Claims Against Public Employees: More Chaos in California Law,* 8 U.C.L.A. L.Rev. 497; Recommendation and Study Relating to the Presentation of Claims Against Public Officers and Employees, 3 Cal. Law Revision Com., Rep. Rec. & Studies (1961); Cal. Law Revision Com. Recommendation Relating to Sovereign Immunity, No. 2, p. 1015 (1963)), but the two statutes remained in the code until their recent repeal.

Until 1931, there was no statute setting a time limit upon claims against public employees. In that year, section 1981, which was renumbered 801, was adopted, which, stated generally, requires presentation to the public officer or employee whenever it is claimed that his negligence in the course of his employment caused injury.[2] In *Stewart* v. *McCollister*, 37 Cal.2d 203, 208 [231 P.2d 48], it was held that the claim referred to in section 1981 (801) need not have been filed where plaintiffs did not "in their pleadings or otherwise" charge that defendant had been acting in the scope of his employment, but defendant in his answer claimed that when the accident happened he was driving a car on city business.

Promptly the Legislature enacted section 2003, later section 803, of the Government Code, the effect of which was that an action against certain public employees (this section, unlike 801, did not apply to state employees, nor to local officers, as distinguished from employees) was barred unless a claim was filed with the employing entity, when *in fact* the employee was acting within the scope of his employment when the negligence occurred.[3]

▉ Appellant makes no contention that she complied with section 803. There is no allegation in the complaint of compliance with it. The position stated by counsel in the superior court and in opening and closing briefs here, is that the section does not apply to an action against an employee, but only to an action against a governmental entity. This is incorrect. The section by its terms is a bar to actions against

---

[2]Government Code, section 801 provides: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a state officer the claim shall be filed with the officer and the Governor."

[3]Government Code, section 803 provides: "A cause of action against an employee of a district, county, city, or city and county for damages resulting from any negligence upon the part of such employee while acting within the course and scope of such employment shall be barred unless a written claim for such damages has been presented to the employing district, county, city, or city and county in the manner and within the period prescribed by law as a condition to maintaining an action therefor against such governmental entity."

employees. Counsel has been misled by the closing words "as a condition to maintaining an action therefor against such governmental entity," but these words are merely part of the description of the manner and time period for filing. Section 803, until its repeal, operated as an independent bar to an action against a public employee for negligence within employment, whether the issue of public employee is pleaded in the complaint or raised in the answer. (*Chavez* v. *Sprague*, 209 Cal.App.2d 101 [25 Cal.Rptr. 603].)

It is possible that appellant could have made a case for having filed a valid claim under section 803, at least, if she had chosen to seek to make some amendments to the claim. It could have been argued that despite the fact that the claim does not refer to section 803, but only to statutes having to do with claims against public entities, as distinguished from claims against public employees; that despite the fact that no demand against any public employee is contained in the claim; that despite the fact that the claim was filed far beyond the ordinary time limit, nevertheless, it was, or could be made, sufficient. Appellant, however, does not attempt to show that the claim did comply with section 803, but contends that section 803 does not apply to a case against a public employee, in which contention, as shown above, she is in error.

Assuming, however, that despite appellant's contention that she did not have to file under section 803, nevertheless actually her claim did constitute compliance therewith, we believe in avoiding the rock, appellant becomes engulfed by the whirlpool, because in that case she will have come within the terms of section 801. This section required that a claim be filed and presented to the public officer "[w]henever it is claimed" that the employee's negligence in the course of his duty caused injury to her. Appellant claims that the words "[w]henever it is *claimed*" (italics added) refer to pleading only, and that in her complaint she makes no reference to defendant's employment by the county. Appellant cites *Stewart* v. *McCollister*, 37 Cal.2d 203 [231 P.2d 48]. In that case, plaintiffs had not claimed "in their pleadings *or otherwise*" (italics added) that defendant was a public employee; in the case before us, she has stated, in the claim of September 21, 1959, that the operation was performed by an agent of the county acting in the scope of his employment. It has been held that a plaintiff, once having filed a complaint stating the public employment of defendant, cannot avoid the

bar by dismissing and filing a new complaint omitting this statement. (*Pike* v. *Archibald*, 118 Cal.App.2d 114 [257 P.2d 480].) If we consider the claim of September 21, 1959, to have been a good claim under section 803, we believe that such a claim, made under oath and formally filed, constitutes such a claim made ''otherwise'' as to make it necessary for appellant to have complied with section 801.

██ Although appellant does not argue, in her briefs before this court, that there was any element of estoppel, or any element of impossibility of compliance caused by the hospital administrator's declining to give to appellant's counsel the hospital file, appellant seems to have made some point of this before the trial court, and has caused the correspondence to be included in the clerk's transcript on appeal. Therefore, we comment on the matter simply to say that the letter from the administrator was not an absolute refusal but a reference to the district attorney's office. Appellant's counsel had not provided the administrator with authorization from the client, and this may have been the reason for withholding the file.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.