580

Walter **WILLIAMS**, Plaintiff,

v.

**Mr. TOWNSEND, etc., et al., Defendants.**

No. 67–1086.

United States District Court
C. D. California.

April 5, 1968.

Walter Williams, in pro. per.

John D. Maharg, County Counsel, and Jerome Zamos, Deputy County Counsel, for defendants Vince M. Townsend, Jr., Deputy Public Defender for County of Los Angeles, etc.

DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW and ORDER FOR DISMISSAL

HAUK, District Judge.

Defendants filed a Motion to Dismiss in this case which seeks damages against the defendants as a result of an alleged conspiracy by the defendants, while acting under color of State law, to deprive the plaintiff Walter Williams of certain civil rights protected under the Constitution of the United States of America.

The Complaint alleges that on or about March 27, 1967, plaintiff was being held in a "jail tank" adjacent to the Municipal Court of Los Angeles to await trial on a charge of battery in violation of Section 242 of the California Penal Code.[1] While being so held, plaintiff alleges that "Mr. Townsend" had the plaintiff and between thirty and forty other "indigent citizens" sit down and advised all of them "that it would be best to plead guilty". By virtue of "Mr. Townsend's" alleged failure to confer individually with each of the indigents, the plaintiff alleges that he was denied his rights under the Sixth Amendment to the United States Constitution.

■ In addition, plaintiff alleges that the "public defender" (sic) attempted to add certain other charges against the plaintiff herein, although there is no allegation that such charges were actually added to the criminal complaint filed against plaintiff. This Court takes judicial notice of the fact that, under California Government Code, § 26502,[2] the only county official who may draw an indictment or information is the district attorney or his deputies.

Defendants· move to dismiss the Complaint upon the following grounds: first, that it fails to state a claim upon which relief can be granted in view of plaintiff's failure to allege compliance with the provisions of the California Tort Claims Act of 1963, which requires the filing of a claim prior to the institution of an action against a public employee for an injury resulting from an act or omission within the scope of his employment; and, second, that the claim is now barred by the Statute of Limitations set forth in the Act. The validity of both of these contentions depends almost entirely upon whether the California Tort Claims Act of 1963 is applicable to a Federal Civil Rights suit such as plaintiff has attempted to allege here.

The Court has examined the record before this Court, which includes the Complaint, the defendants' Motion to Dismiss and the Points and Authorities in Support Thereof, and plaintiff's Opposition, which is inartfully titled "amended complaint in opposition of motion to dismiss and points and authorities in support thereof", and has concluded that the plaintiff's Complaint on file herein does not state a cause of action upon which relief may be granted and further concludes that, even if all of plaintiff's allegations were true, his failure to comply with the California Tort Claims Act of 1963 bars recovery in this Court.

■ Now having heard the arguments and having examined all the files, documents and records herein, the cause having been submitted for decision, and the Court being fully advised in the premises, the Court renders its decision:

### DECISION

*Prior to bringing an action against a public employee in the State of California, a plaintiff must comply with the 1963 California Tort Claims Act as Amended.*

■ It is well established that, since Congress failed to provide a period of limitations within which an action

---

1. California Penal Code, § 242:
   "§ 242. *Battery defined*
   BATTERY DEFINED. A battery is any willful and unlawful use of force or violence upon the person of another."

2. California Government Code, § 26502:
   "§ 26502. *Indictments and information*
   The district attorney shall draw all indictments and informations."

must be brought under the Federal Civil Rights Acts, the applicable statute of limitations is that which is most applicable in the state where the cause of action arises. Smith v. Cremins, 308 F.2d 187, 189, 98 A.L.R.2d 1154 (9th Cir. 1962); Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir. 1964); Swan v. Board of Higher Education of City of New York, 319 F.2d 56, 59 (2d Cir. 1963). It is equally clear that, where it appears that a state has more than one statute of limitations, the Federal Court must apply that statute which the state would enforce had an action seeking similar relief been brought in the state court. Smith v. Cremins, supra; Swan v. Board of Higher Education of City of New York, supra; Beauregard v. Wingard, 230 F. Supp. 167, 171 (S.D.Cal.1964); Funk v. Cable, 251 F.Supp. 598, 599 (M.D.Pa. 1966); Gaito v. Strauss, 249 F.Supp. 923, 931 (W.D.Pa.1966).

Prior to September 20, 1963, the effective date of the California Tort Claims Act, the three-year statute of limitations provided by Section 338(1) of the California Code of Civil Procedure was held to be applicable in civil rights cases. Lambert v. Conrad, 308 F.2d 571 (9th Cir. 1962); Smith v. Cremins, supra; Beauregard v. Wingard, supra. In the only California appellate decision since 1963 involving facts similar to the instant action, Collins v. County of Los Angeles, 241 Cal.App.2d 451, 456, 50 Cal.Rptr. 586 (1966), applied the statute of limitations set forth in the California Tort Claims Act of 1963, as Amended. In view of this, the conclusion is inescapable that a Federal Court in California must now likewise apply the limitation provisions of the California Tort Claims Act of 1963, as Amended.

*The California Tort Claims Act of 1963, as Amended, Government Code, § 950.2, sets forth the most applicable statute of limitations for bringing actions in the Federal Courts against public employees.*

■ Section 950.2 of the California Government Code enacted in 1963 and Amended in 1965 provides:

*"Grounds for barring cause of action.*

Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury."

Section 950.2, as originally enacted in 1963, was amended in 1965. The purpose of that amendment is explained in the Comment provided by the California Law Revision Commission found in the annotated versions of the Government Code. That comment reads as follows:

*"Comment on 1965 amendment:*

"This amendment makes it clear that suit against a public employee or former employee is barred when a suit against the entity is barred (1) by failure to present any claim at all or (2) by presenting a claim that is insufficient, too late or for any other reason inadequate to support an action against the employing public entity. (The blanket reference to Part 3 makes the rule stated in this section applicable as well to contractual claims procedures (see Section 930 et seq.) and local ordinance or charter claims procedures (see Section 935).) Likewise, if suit against a public entity is barred by the applicable statute of limitations or by any other provision in Chapter 2 of Part 4 dealing with actions against public entities, suit against the public employee or former employee is also barred.

"The addition of the last sentence to this section eliminates an existing ambiguity by providing that the presentation of a claim to the employing public entity is a prerequisite to suit against

an employee notwithstanding the fact that the applicable substantive law may declare the entity to be immune from liability for the injury. Because the employing public entity is financially responsible for judgments against its employees (see Section 825), the presentation of a claim is required in all cases." West's Annotated Gov.Code (1966), vol. 32, pp. 382–383.

■ This section, therefore, requires the presentation of a claim to the public entity in all cases, even where the action is filed against the public employee, himself, for injury resulting from an act or omission in the scope of his employment. Compliance with this requirement of filing a claim is an integral part of the plaintiff's cause of action *that must be pleaded and proved by him.* Kitchen v. Delafield, 221 Cal.App.2d 114, 118, 34 Cal.Rptr. 288 (1963); Illerbrun v. Conrad, 216 Cal.App.2d 521, 524, 31 Cal. Rptr. 27 (1963); Van Alstyne, California Government Tort Liability, California Practice Book No. 24, Continuing Education of the Bar, Sections 10.3, 10.7 and 10.9, pp. 435–441.

Turning now to the time element, we find that the California Tort Claims Act of 1963, California Government Code, Section 911.2 reads:

*"Time for presentation of claims.*

A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915 of this chapter not later than one year after the accrual of the cause of action."

Section 810.8 of the California Government Code defines "injury" as meaning "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person." It should be noted that this language contrasts sharply with the language of the former sections of the Government Code which carefully confined the right of recovery to damages caused by negligence or carelessness. The new section now makes it clear that the distinction between claims based on negligence and intentional torts has been eliminated. Burgdorf v. Funder, 246 Cal.App.2d 443, 448, 54 Cal.Rptr. 805 (1966).

■ It might possibly be contended that, since plaintiff is presently imprisoned, he is excused from complying with the limitation provisions of the California Tort Claims Act of 1963, as Amended. However, the short and final answer to this is found in California Government Code, Section 945.6, and particularly subsection (c) thereof:

"§ 945.6 *Limitation of actions on claims required to be presented in accordance with chapters 1 and 2 of part 3; persons imprisoned in state prison.* (a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b) of this section, any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced within six months after the date the claim is acted upon by the board, or is deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

(b) When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limited for the commencement of such suit is extended to six months after the date that the civil right to com-

mence such action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a).

"(c) A person sentenced to imprisonment in a state prison may not commence a suit on a cause of action described in subdivision (a) unless he presented a claim in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division."

It is noted that subsection (c) was added in 1965 and its purpose is set forth clearly in the Law Revision Commission Comment:

*"Comment on 1965 amendment:*

"Although the imposition of a sentence to imprisonment in a state prison constitutes the operative fact making effective a loss of civil rights (see Penal Code § 2600), this section as enacted provided no standards for determining when failure to sue within a six-month period could be said to be 'because' of the imposition of the sentence. The amendment clarifies this causal relationship by defining it in terms of whether the claimant had made a reasonable effort to commence the action (e. g., prior to sentence) or to obtain a restoration of his civil right to do so. (Penal Code Sections 2600, 2601 and 3054 authorize a prisoner to apply for a limited restoration of civil rights.)

"The amendment to subdivision (a) directs attention to the exceptions to Section 945.6 that are stated in Sections 946.4 and 946.6 (added). See the Comments to the cited sections.

"The last sentence has been recast as a new subdivision with appropriate rewording in the interest of clarity. Elimination of the last five words in the original sentence precludes a con-

tention that the late claim procedures do not apply to prisoners' claims."

By way of summary, it is clear that under Section 950.2 of the California Government Code, a cause of action against a public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred by failure to present a claim in the manner prescribed within the time prescribed. Furthermore, under Section 911.2, such a claim must be filed not later than the 100th day after the accrual of the cause of action or the cause of action is barred. Additionally, under Section 950.6, a cause of action for such an injury may not be maintained against a public employee until the claim has been rejected or has been deemed to have been rejected in whole or in part by the public entity. Finally, these strict claims provisions apply to prisoners' claims as well as to all other claims, and, therefore, the plaintiff here is bound by them.

*Plaintiff's failure to allege compliance with the California Tort Claims Act precludes any recovery based on the Complaint on file herein.*

■ It should be noted that there is no question that each defendant in this case was "acting within the scope of their employment as a public employee" within the meaning of Sec. 950.2 of the California Government Code when he allegedly acted in the manner complained of by the plaintiff. This fact is clearly set forth and charged by the plaintiff in Paragraphs VII and X of his Complaint.

A further reading of the Complaint reveals a total absence of any allegation or other statement that the plaintiff has in any way complied with any of the claim provisions of the California Tort Claims Act, which we have cited and quoted.

A recent California case involving a Complaint for damages against two deputy sheriffs of the County of Los Angeles for alleged false arrest and im-

prisonment held that the claim was barred by the plaintiff's failure to comply with the applicable provisions of the California Tort Claims Act. Collins v. County of Los Angeles, supra.

Although in *Collins* the statute of limitations question did not arise in connection with a civil rights action charging false imprisonment by derelict officials, but rather a direct action for false imprisonment, nevertheless it does indicate that the California courts will construe the Act as applicable to this type of alleged injury, a fact which should be persuasive upon a Federal Court in determining what statutes of limitations are most nearly applicable.

In *Collins* the Court found that the cause of action for false imprisonment and arrest accrued on the date of the allegedly false arrest by the deputy sheriffs, that the 100 days started to run from that date, and that failure to file the required claim with the Board of Supervisors of Los Angeles County within the period barred the plaintiff's recovery. Similarly, this Court finds that the cause of action for violation of plaintiff's rights under the Sixth Amendment accrued on March 27, 1967, that the 100 days started to run from that date, and that failure to file the required claim with the Board of Supervisors of the County of Los Angeles prior to July 5, 1967 bars the plaintiff's recovery.

Since this Court has concluded that the plaintiff is barred from recovering in the absence of compliance with the California Tort Claims Act, it is clear that the Complaint on file herein does not state a claim upon which relief can be granted.

In accordance with the foregoing, which shall also constitute findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P., the Court now makes its formal Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. The acts upon which the plaintiff bases his cause of action herein took place on March 27, 1967.

2. At all times and places set forth in the Complaint on file herein, the defendants and each of them were acting as public employees.

3. At all times and places set forth in the Complaint on file herein, defendant Vince M. Townsend, Jr., was a Deputy Public Defender and held no other public office, being employed in the defendant Office of the Los Angeles Public Defender.

4. At all times and places set forth in the Complaint on file herein, the County of Los Angeles, acting within its power as a political subdivision of the State of California, did furnish the plaintiff herein the services of a deputy public defender, defendant Vince M. Townsend, Jr., of the defendant Office of the Los Angeles Public Defender.

5. The Complaint on file herein does not allege the filing of a claim with the Board of Supervisors of the County of Los Angeles prior to July 5, 1967.

6. The following Conclusions of Law, insofar as they may be concluded Findings of Fact, are so found by this Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

A Complaint brought against public employees in a Federal Court sitting in the State of California must allege compliance with California Government Code, Section 911.2.

### II

The cause of action, if any, of plaintiff herein accrued on March 27, 1967.

### III

Any cause of action plaintiff may have against the defendants herein for acts done within the course and scope of their public employment was and is barred because a claim was not presented within 100 days of the accrual of plaintiff's cause of action as required by California Government Code, Section 911.2.

## IV

The Complaint on file herein fails to state a claim upon which relief can be granted.

## V

Any conclusions of law contained in the Findings of Fact are deemed incorporated herein by reference.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, it is hereby ordered that judgment be entered in favor of defendants Vince M. Townsend, Jr., sued herein as Mr. Townsend and the Office of the Los Angeles County Public Defender, successor to the Public Defender's Office for the City of Los Angeles, California and that the Complaint on file herein and each and every cause of action for relief set forth therein are hereby dismissed.

Let judgment be entered accordingly.