[Civ. No. 1884.  Second Appellate District.—January 26, 1917.]·

CURTIS C. LEGERTON, Respondent, v. WALTER A. LEWIS, County Auditor of Los Angeles County, Appellant.

PUBLIC OFFICERS — JUDGE OF SUPERIOR COURT — DE FACTO OFFICER — SALARY.—One elected to the office of judge of the superior court, while merely acting as a *de facto* officer prior to the issuance of a commission to him, is not entitled to collect salary.

ID. — GARNISHMENT OF OFFICERS' SALARIES — CONSTRUCTION OF SECTION 710, CODE OF CIVIL PROCEDURE.—There appears to be no constitutional grounds upon which it may be concluded that the officers' salaries subject to process of garnishment under section 710 of the Code of Civil Procedure are salaries of officers other than judges of the superior court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, Robert A. Murphey, and David R. Faries, for Appellant.

Curtis C. Legerton, *in pro. per.*, for Respondent.

JAMES, J.—An appeal was taken in this case by the county auditor of the county of Los Angeles from a judgment awarding writ of mandate to compel the issuance of a warrant in favor of petitioner for the sum of $131.99 as payment for that portion of the salary of a superior judge payable from the county of Los Angeles for a period from the nineteenth day of November, 1914, to December 5, 1914. The preliminary facts in this case are the same as those in *Legerton* v. *Chambers, ante,* p. 601, [163 Pac. 678], this ·day decided.   There was interposed in this case, a defense additional to that presented in the case referred to, whereby the auditor showed that there had been filed with him an abstract of a judgment rendered against petitioner in the justice's court of Los Angeles Township in the sum of $299.77.   It is stipulated by counsel that this matter may be submitted upon the briefs and authorities filed in this and in

the case of *Legerton* v. *Chambers.* The trial judge by his judgment determined that petitioner was a duly elected superior judge and a *de jure* officer from the nineteenth day of November to the fifth day of December, and that he was entitled to his salary as such. He determined the facts as to the filing of the abstract of judgment, in favor of the county auditor; but in the conclusions of law attached to the finding, declared ''that the provisions of section 710 of the Code of Civil Procedure in so far as said provisions affect the salary of a judge of the superior court are unconstitutional.'' What is said in the opinion in the case of *Legerton* v. *Chambers,* disposes of this appeal in favor of the appellant, and it will be unnecessary to repeat what has been in that opinion declared as our view of the law. Petitioner being held to have acted only as a *de facto* officer, under the authorities cited he is not entitled to collect the salary. We are furnished with no argument either attacking the constitutionality of section 710 of the Code of Civil Procedure, or opposing such a position. From a careful reading of the section, however, there occur to us no constitutional grounds upon which it may be concluded that the officers' salaries subject to the process of garnishment thereunder are salaries of officers other than judges of the superior court. In the absence of argument or citation of authority, it is unnecessary to express any final conclusion as to that matter.

The judgment is reversed, with direction to the superior court to enter upon the findings made a judgment in favor of the defendant auditor. Appellant to have his costs.

Conrey, P. J., and Shaw, J., concurred.