[L. A. No. 6540.  In Bank.—July 26, 1921.]

JOHN T. IRILARRY, Appellant, v. THE CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

[1] MUNICIPAL CORPORATIONS—GARNISHMENT.—A garnishment cannot be levied upon a municipal corporation acting in its governmental capacity.

[2] ID.—PROPRIETARY ENTERPRISE—STATUS OF CORPORATION.—A municipal corporation is just as truly such when engaged in its proprietary capacity as when engaged in its governmental capacity.

[3] ID.—INDEBTEDNESS IN CONNECTION WITH MUNICIPAL WATERWORKS—NONLIABILITY TO GARNISHMENT.—A municipal corporation is not subject to garnishment for a debt due a private individual for the construction of a dam for a reservoir to be used in connection with its municipal waterworks.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.  Affirmed.

The facts are stated in the opinion of the court.

P. A. Bergerot and A. P. Dessouslavy for Appellant.

S. J. Higgins, City Attorney, and A. F. H. Wright, Deputy City Attorney, for Respondent.

WILBUR, J.—The city of San Diego entered into a contract with James Kennedy for the construction of a dam for a reservoir to be used in connection with its municipal waterworks.  On May 1, 1918, there was due and unpaid from the city to the contractor the sum of $6,238.16.  On May 6, 1918, a writ of attachment issued out of the superior court in and for the city and county of San Francisco in an action brought by Prosper Wolf against James Kennedy, together with a notice of garnishment, were served upon the mayor, auditor, treasurer, and manager of operations of San Diego for the purpose of garnishing all moneys, debts, credits, and effects due or owing to Kennedy.  Thereafter, on May 6,

1. Garnishment of municipalities, note, 51 Am. St. Rep. 114.
Right of municipal corporation to waive immunity from garnishment, note, 2 A. L. R. 1586.

1918, Kennedy filed his claim with the auditing committee of the city, and the same had been allowed and paid. On December 20, 1918, after securing judgment against Kennedy in the attachment suit for the sum of $26,017.89, the judgment creditor assigned his rights to the plaintiff, who brought this action against the city to enforce his claim against the fund garnisheed. The court having rendered judgment in favor of the defendant city, the plaintiff appealed.

Appellant thus states his main contention: "This appeal presents for determination, for the first time in this state, the important question, whether a debt due by a municipal corporation in the conduct of a private and proprietary enterprise—here a municipal water system—may be garnished in an action against the creditor. The appeal is from the judgment entered for defendant, upon sustaining its general demurrer to the complaint." [1] The appellant apparently concedes that such a garnishment could not be levied upon a municipal corporation acting in its governmental capacity. He does, however, contend that in many states the rule is otherwise. In *Skelly* v. *Westminster School Dist.*, 103 Cal. 652, [37 Pac. 643], it was held that a school district was not subject to garnishment and that the general language of the code (subd. 5 of sec. 542, Code Civ. Proc.) did not apply to a school district. This case was based in part upon the reasoning of the supreme court of the state of Illinois in the case of *Merwin* v. *City of Chicago*, 45 Ill. 133, [92 Am. Dec. 204], holding that a municipal corporation could not be garnisheed. In the case of *Ruperich* v. *Baehr*, 142 Cal. 190, [75 Pac. 782], this court considered the question of whether or not the salary of a municipal employee working in the electrical department of the public service was subject to the payment of a judgment as provided in section 710 of the Code of Civil Procedure. In determining that question against the employee it was assumed throughout the opinion that, before the enactment of the statute, debts due by a municipal corporation were not subject to garnishment. In that opinion it is stated: "It is true that it is generally held to be against public policy to apply general statutory provisions for garnishee process to public corporations, so as to make them subject to such process, to reach claims for money due from them to a judgment debtor.

And, for the same reason, general provisions making property subject to execution or liens are construed to apply only to the property of private persons and corporations, and not to that of public corporations or bodies politic. (*Skelly* v. *Westminster School Dist.*, 103 Cal. 652, [37 Pac. 643]; *Witter* v. *Mission School Dist.*, 121 Cal. 350, [66 Am. St. Rep. 33, 53 Pac. 905]; *Mayrhofer* v. *Board of Education*, 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac. 646]; *Whitaker* v. *Tuolumne Co.*, 96 Cal. 100, [30 Pac. 1016]; *Reclamation Dist.* v. *Sacramento*, 134 Cal. 477, 480, [66 Pac. 668]; *Savings etc. Soc.* v. *San Francisco*, 131 Cal. 363, [63 Pac. 665].)''

The decision of the court in *Ruperich* v. *Baehr, supra,* that section 710 of the Code of Civil Procedure was constitutional as applicable to a recognized class is based in part upon the following reasoning: ''The fact that there has been heretofore no means by which moneys due from the state, or from its public corporations, could be reached and applied upon the debts of the persons to whom they were due, and that considerations of public policy required that public corporations and public officers and employees should not be held subject to the ordinary provisions and processes of law for the garnishment of debts and claims due or owing, sufficiently distinguishes the classes of persons and assets to which this section relates to justify the legislature in making special regulations concerning the persons concerned and the mode of reaching the assets. It does not destroy its character as a general law, nor its uniformity of operation, that its provisions in these particulars differ somewhat from the ordinary processes of attachment and execution.'' It is conceded by text-book writers that in a majority of the states the courts have held that municipal corporations are not subject to garnishment (Dillon on Municipal Corporations, 5th ed. [1911], sec. 249; Wade on Attachment, sec. 345; Shinn on Attachment and Garnishment, sec. 500).

It is unnecessary to discuss the reasons advanced in cases which hold to the contrary, as this court has adopted the rule most generally accepted and the legislature by enacting sections 710 and 710a of the Code of Civil Procedure has provided a special method for the subjection of debts due from a municipality to the lien of a judgment.

It remains for us to consider whether or not the fact that the city was indebted to the creditor by reason of his contract for the building of a portion of the waterworks owned by the city takes the case out of the well-recognized rule. [2] A municipal corporation is just as truly such when engaged in its proprietary capacity as when engaged in its governmental capacity (*City of Pasadena* v. *Railroad Com.*, 183 Cal. 526, [10 A. L. R. 1425, 192 Pac. 25], and the opinion of this court in *Marin Water & Power Co.* v. *Town of Sausalito* (Cal.), 193 Pac. 296, on denying a rehearing). [3] Where it is engaged in building waterworks by contract, the same reasons which would exempt the corporation from garnishment of its obligations incurred in its governmental capacity would apply with equal force to the obligations incurred in exercising this public function.

Judgment affirmed.

Shaw, J., Sloane, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Angellotti, C. J., who was absent.