[Civ. No. 4970.  Second Appellate District, Division One.—October 28, 1927.]

A. W. GAMBLE, Appellant, v. ERNEST R. UTLEY, Respondent.

Robert G. Hill for Appellant.

Harry W. Horton for Respondent.

McLUCAS, J., *pro tem.*—This is a proceeding under section 710 of the Code of Civil Procedure providing for garnishment of moneys owing a judgment debtor from any county, city and county, city, or other municipal or public corporation. In this proceeding the county auditor filed his warrant for the sum of $250 with the clerk of the court in the above-named action. The defendant filed notice of motion to order said sum paid to the defendant, upon the ground that said sum is the earnings of a judgment debtor for his personal services rendered within thirty days next preceding the levy of the garnishment, and that said earnings are necessary for the use of his family, residing in this state, and supported in whole by his labor; and upon the further ground that the sum garnisheed is the compensation of a constitutional officer of the state of California and is therefore not subject to garnishment under the provisions of section 710 of the Code of Civil Procedure. In support of the motion the defendant filed an affidavit stating that he "receives a monthly compensation of $250.00 per month from the County of Imperial in full compensation for all his services rendered as said District Attorney. That the income of affiant does not exceed the total sum of $250.00 per month and that affiant has no other or further income than the said sum of $250.00 per month received as compensation as District Attorney of the aforesaid County of Imperial. That the said income of $250.00 a month and the whole thereof of this affiant above mentioned is necessary for the use of affiant's family residing in the City of El Centro, County of Imperial, State of California, and that the said family consists of his wife, a minor daughter and affiant himself, and that said three named persons are supported in whole by the labor, services and compensation of affiant as District Attorney of the County of Imperial. That affiant is the head of a family consisting of his wife and minor daughter and himself, all of whom reside together in the City of El Centro, and each and all of said persons are dependent entirely upon the earnings of affiant for their support and maintenance and the necessaries of life and that all of the earnings of said defendant as said District Attorney are necessary and indisputable for the use and support of his family and that

affiant has no other earnings and receives no other compensation than as herein mentioned."

Plaintiff filed three counter-affidavits, one of Robert G. Hill, a resident of El Centro, stating "That a grocery account of $50.00 per month is sufficient for the necessary provisions for a family consisting of the husband and wife and one child about six years old of the defendant; that $40.00 per month rent for a house in which to reside is a suitable and appropriate expenditure for house rent; that $60.00 per month in addition thereto is a sufficient sum for any and all necessary expenditures for a family making a total of $150.00 which is sufficient to support the family of the defendant herein per month." Another C. H. White-cotton, stating: "That he resides in Imperial County, California, and is working for Imperial Irrigation District and has a family consisting of himself, wife and two children; that his grocery account for his entire family is approximately $50.00 per month, and that a grocery account for provisions for a family of three persons would be approximately $35.00 per month; that he believes that $40.00 per month for a house to reside in in El Centro, being fairly well acquainted with rentals for residences in El Centro, would be $35.00 to $40.00 per month which would be suitable for a man, wife and one child, and that $50.00 or $60.00 per month would be amply sufficient for any additional expenditures per month necessary for a man, a wife and one child." And another of J. C. Cox, a grocer of El Centro, stating that the average grocery account of a man and wife and one child is $35 per month.

Upon submission, the court granted the motion of the defendant, ordered the money released from garnishment, and the clerk was ordered to pay over and deliver to the defendant the warrant filed by the county auditor. Plaintiff appeals from the order, and the appeal has been submitted upon appellant's brief; no brief having been filed by the respondent.

Plaintiff asks a reversal upon the following grounds: "First. That the salary of a District Attorney is subject to garnishment under section 710 of the Code of Civil Procedure. Second. That exemptions allowed under section 690, exempts earnings of the debtor for his family, 'supported in whole or in part by his labor,' and a lawyer is not

(a) laborer as contemplated by the statute. Third. That no more than what is necessary for the use of the family is exempted from garnishment, and the amount that is necessary for the use of the family is a question of fact to be determined by the evidence and the burden of proof is on the defendant to establish the amount necessary, and that the defendant failed in his proof.''

It has generally been held that statutes authorizing garnishment of the salary or wages of public officers or employees are within the legislative power. (22 A. L. R. 760.) In California the power of the legislature to determine the state's policy in respect to legislative officers, as distinguished from constitutional officers, of subjecting their salaries to garnishee process, was upheld in *Ruperich* v. *Baehr*, 142 Cal. 190 [75 Pac. 782], wherein the court said, in construing section 710 of the Code of Civil Procedure (p. 194) : ''It may be conceded that it is as much against public policy to subject the salaries of public officers and employees to garnishee process as it is to subject the public funds to such process or the public property to liens or executions. The legislature, however, undoubtedly has the power to determine its own policy on this subject with respect to the offices, officers, and employees within its control. We are not here concerned with constitutional offices and officers, and we do not wish to be understood as holding that the act under discussion can be applied to them. But with respect to those clearly within legislative control, if it fairly appears that by this act, properly construed, the legislative intent to declare as its policy that the salaries or wages may be thus diverted to the payment of debts of such officers and employees, is manifested by the language used, then the courts are bound by this declared policy, with respect to the officers to whom it can be applied, and the rule of construction above mentioned becomes, to that extent, inapplicable.'' In a concurring opinion, Justice Van Dyke said (p. 197) : ''I concur in the foregoing, as it is expressly limited to such offices as the legislature may create or abolish at its pleasure in the interest of the public service. As to such offices, the legislature may doubtless subject the employees or officers appointed or elected to fill the same to the garnishee process. The act under consideration, adding a new section to the Code of Civil Procedure, is, however, broad enough in its terms to cover all

offices in the state. As to constitutional offices, however, the salary or compensation of the incumbents of which is provided for by the Constitution, it is clearly not within the power of the legislature to interfere with the payment of such salary or compensation in the least.'' In *Lawson* v. *Lawson*, 158 Cal. 446 [111 Pac. 354], the court said (pp. 447, 448): ''It is established by the decision in *Ruperich* v. *Baehr*, 142 Cal. 190 [75 Pac. 782], that section 710 of the Code of Civil Procedure is not violative of the provisions of our Constitution inhibiting special legislation and requiring that a general law shall have a uniform operation. It is further established by that decision and the decision in *Payne* v. *Baehr*, 153 Cal. 441 [95 Pac. 895], that the section is applicable to the salaries of all such public officers and employees as do not come within the term 'constitutional officers' as that term is used in *Ruperich* v. *Baehr*, 142 Cal. 190 [75 Pac. 782]. In that case the court, expressly reserving the question whether the Constitution prohibited its application to certain officers, said: 'But with respect to those clearly within legislative control, if it fairly appears that by this act, properly construed, the legislative intent to declare as its policy that the salaries or wages may be thus diverted to the payment of debts of such officers and employees, is manifested by the language used, then the courts are bound by this declared policy, with respect to the officers to whom it can be applied.' The effect of the two cases cited is that the section must be held applicable to the salaries of all officers as to which its application is not inhibited by reason of some provision of the Constitution. Assuming for the purposes of this decision that with relation to some officers the effect of existing constitutional provisions may be to prevent the application of this section, we are satisfied that there is nothing in the Constitution precluding its application to salaries or fees of justices of the peace. Such salaries or fees are not fixed by the Constitution, and there is no provision therein, as in the case of some officers, that they 'shall receive for their service' a compensation, fixed either by the Constitution or to be fixed in some other way. Nor is there as to such officers any provision, as in the case of some officers, to the effect that the compensation so to be received, whether fixed by Constitution or otherwise, shall not be diminished during the term for which the incumbent

shall have been elected.'' The office of the district attorney is one created by the constitution (art. XI, sec. 5), wherein it is provided that "the legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of . . . district attorneys, . . . and shall prescribe their duties and fix their term of office. It shall regulate the compensation of all such officers, in proportion to duties, . . . '' A district attorney can hardly be said to be an officer within the control of the legislature, as required by *Ruperich* v. *Baehr, supra.* There is a provision in the constitution that the legislature shall "regulate the compensation" of district attorneys; but there is no provision in the constitution in the case of district attorneys to the effect that the compensation to be received shall not be diminished during the term for which the incumbent shall have been elected. Salaries of public officers or employees have been held subject to garnishment under the provisions of section 710 of the Code of Civil Procedure in the following cases: A city and county stenographer (*Ruperich* v. *Baehr, supra*), a justice of the peace (*Lawson* v. *Lawson, supra*), a stenographer of a city and county police court (*Payne* v. *Baehr,* 153 Cal. 441 [95 Pac. 895]), and a deputy city treasurer (*Trow* v. *Moody,* 27 Cal. App. 403 [150 Pac. 77]). ■ As has already been seen, the legislature cannot constitutionally object to garnishee process the salaries of the holders or incumbents of constitutional offices which are provided for by the constitution; that is, the offices over which it has no control, as distinguished from those offices which it may create or abolish at its pleasure in the interests of the public service. (*Ruperich* v. *Baehr, supra.*) ■ In no case have the provisions of section 710 of the Code of Civil Procedure been held applicable to the salary of a district attorney or similar officer whose office is directly created by the constitution. In our opinion, the office of district attorney is a constitutional office, and the provisions of section 710 of the Code of Civil Procedure should be held inapplicable thereto.

The foregoing conclusion renders it unnecessary to discuss the other grounds for reversal as raised by appellant. ■ Suffice it to say that we do not agree with plaintiff's contention that only laborers, or those who do physical labor, are entitled to the benefit of exemptions as provided in section 690 of the Code of Civil Procedure. ■ The defend-

ant's affidavit is, in our opinion, sufficient to support the ruling of the trial court in ordering the money paid to the defendant.

The order appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.