[Civ. No. 7281.   Second Appellate District, Division Two.—December 12, 1930.]

WILLIAM J. WEISER, Appellant, v. H. A. PAYNE, as County Auditor, etc., Respondent.

Schweitzer & Hutton and H. F. Clary for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Deputy County Counsel, for Respondent.

CRAIG, J.—A judgment having been entered in the superior court dismissing an alternative writ of mandate and sustaining a demurrer to the petition for a peremptory writ, the petitioner has appealed therefrom.

The uncontroverted facts are, that appellant as a creditor of an instructor in the public schools of the city of Los Angeles obtained a judgment in the municipal court, which was duly authenticated and filed with the respondent as auditor of Los Angeles County. The auditor declined to honor the same or to draw his warrant for the amount demanded, whereupon the plaintiff petitioned the court below for a writ of *mandamus* requiring its issuance under the provisions of section 710 of the Code of Civil Procedure. A demurrer was interposed by respondent upon the ground that said petition did not state facts sufficient to constitute a cause of action. The sole question presented involves the construction and application of the above-mentioned section as amended (Stats. 1929, chap. 634, p. 1047), the pertinent parts of which are as follows:

"The duly authenticated transcript of a judgment for money against the defendant rendered by any court of this state may be filed with the state department, board or commission or officer thereof, from which money is owing to the judgment debtor in such action, or if the defendant be an elective officer or officer receiving a statutory salary, with the controller of the state of California, or the auditor of any county, city and county, city or other municipal or public corporation, from which money is owing to the judgment debtor in such action . . . , whereupon it shall be the duty of any such official, or of such public officer with whom such transcript shall have been filed, to draw his warrant in favor of or to pay into court from the docket of which the transcript was taken so much of the money, if sufficient there be, . . . which belongs to or is owing to the judgment debtor in the cause designated in said transcript as will cancel said judgment; . . . "

This section has been recognized, and is here admitted, as special legislation calculated to provide a method for the subjection of debts due from the state or certain of its specified political subdivisions to liens of judgments. (*Irilarry* v. *City of San Diego,* 186 Cal. 535 [199 Pac.

1041] ; *Walker* v. *Rich,* 79 Cal. App. 139 [249 Pac. 56] ; *Gamble* v. *Utley,* 86 Cal. App. 414 [260 Pac. 930].) ▮ Our courts have frequently held that public policy denounces as unfavorable to the proper functioning of governmental institutions any attachment or garnishment of their funds or the salaries of their agents, but that this especial enactment is not such legislation. (*Walker* v. *Rich, supra; Ruperich* v. *Baehr,* 142 Cal. 190 [75 Pac. 782] ; *Irilarry* v. *City of San Diego, supra.*) Hence, the statute in question must be accepted and applied rather as a grant of a privilege than as the announcement or sanction of an inherent right, and its scope measured accordingly. ▮ With these principles in mind, it becomes obvious that the petitioner's contention, the effect of which would be to include wages and salaries of various municipal employees, is untenable. His claim is not such as may be "filed with the state department, board or commission or officer" of a state department, board or commission. It is conceded that the judgment debtor is not an elective officer or officer receiving a statutory salary, and has no money due from the state. This precludes an attempt to invoke the remaining clauses providing that "if the defendant be an elective officer or officer receiving a statutory salary, [the judgment may be filed] with the controller of the state of California, or the auditor of any county, city and county, city or other municipal or public corporation". We conclude that since the judgment is not founded upon a claim entitling it to lodgment with a state department or officer thereof, and the judgment debtor is not an officer of the state nor of a municipality, the fund in controversy, as salary of an instructor in the public schools, in custody and control of the county auditor, is not subject to the provisions of section 710 of the Code of Civil Procedure.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.