[L. A. No. 12488. In Bank.—May 28, 1931.]

IVY LAY, Respondent v. CHAUNCEY R. HAMMOND, Auditor, etc., Appellant.

J. W. Ferguson and Clarence H. Wilson for Respondent.

Liggett & Liggett for Appellant.

THE COURT.—This is an appeal from a judgment of the lower court, granting to petitioner a peremptory writ of mandate against respondent to compel respondent, as auditor of the county of San Diego, to pay to petitioner salary warrants due her from said county for services rendered by her as a teacher. The sole question involved is whether the salary of a teacher in the public schools is subject to garnishment under the provisions of section 710 of the Code of Civil Procedure, as amended in 1929. (Stats. 1929, chap. 634, p. 1047.)

The facts are uncontroverted. In October of 1929, one Fred Betcher obtained a judgment for $605.71 against petitioner, a teacher in the city schools of San Diego, employed under a regular teacher's contract. In March of 1930 Betcher filed with respondent auditor a certified copy of the judgment, together with an affidavit stating the exact amount due thereon, for the purpose of garnishing the salary warrant due petitioner on April 1, 1930. Subsequently, in like manner, Betcher filed with respondent certified copies of the judgment and affidavits for the purpose of garnishing the salary warrants due petitioner on May 1st and June 1st, respectively. The respondent auditor, purporting to act under the provisions of section 710 of the Code of Civil Procedure, withheld the salary warrants due petitioner on April 1st, May 1st and June 1st. On May 20, 1930, petitioner instituted this proceeding for a peremptory writ of mandate to require respondent to de-

liver to her, her salary warrants for March and April, 1930. No question of the sufficiency of Betcher's compliance with the provisions of section 710 is presented, petitioner admitting that all of the provisions of that section have been complied with. Respondent generally demurred to the petition, which demurrer was overruled. Inasmuch as respondent failed to answer, the trial court entered judgment in favor of the petitioner, whereupon respondent auditor prosecuted this appeal.

██ The question thus presented is whether the salary of a school-teacher, a public employee, may be garnished by a judgment creditor under the provisions of section 710 of the Code of Civil Procedure, since its amendment in 1929. Before 1929 the rule was well settled that section 710, as it then read, permitted attachment of the salaries of all public employees with the exception that salaries of constitutional officers were not attachable. (*Ruperich* v. *Baehr,* 142 Cal. 190 [75 Pac. 782]; *Payne* v. *Baehr,* 153 Cal. 441 [95 Pac. 895]; *Lawson* v. *Lawson,* 158 Cal. 446 [111 Pac. 354]; *Legerton* v. *Lewis,* 32 Cal. App. 605 [163 Pac. 679].) As amended in 1929, section 710 now reads:

"710. The duly authenticated transcript of a judgment, for money, against the defendant, rendered by any court of this state may be filed with the state department, board or commission or officer thereof, from which money is owing to the judgment debtor in such action or if the defendant be an elective officer or officer receiving a statutory salary, with the controller of the State of California, or the auditor of any county, city and county, city or other municipal or public corporation, from which money is owing to the judgment debtor in such action (and in case there be no auditor then with the official whose duty corresponds to that of auditor), whereupon it shall be the duty of any such official, or of such public officer with whom such transcript shall have been filed, to draw his warrant in favor of or to pay into the court from the docket of which the transcript was taken, so much of the money, if sufficient there be, over which such State of California, county, city and county, city, or other municipal or public corporation of which he is an official, or over which said public officer has control and custody and which belongs to or is owing to the judgment debtor in the cause designated in said transcript as will cancel said judgment; the money so paid into court shall be

a discharge *pro tanto* of any amount so due or owing to such judgment debtor. For filing such a transcript any such official or public officer may charge a fee of fifty cents. Upon the receipt by any court of money under the provisions of this act so much thereof as is not exempt from execution shall be paid to the judgment creditor, the balance to the judgment debtor. Such transcript when so filed, shall be accompanied by an affidavit on behalf of the person in whose interest the same is filed, stating the exact amount at the time due on such judgment, and that such person desires to avail himself of the provisions of this section.''

As amended, it is our opinion that the section provides for two situations in which money due to creditors from the state or any of its political subdivisions may be attached, to wit:

1. Where money is due the creditor from the ''state department, board or commission or officer thereof''. This provision obviously does not apply to salary claims, but to debts other than salary claims. This is made clear by the second class of garnishments provided for.

2. Where the judgment is against an ''elective officer or officer receiving a statutory salary'', then the transcript and required affidavit may be filed with the controller, or auditor of the county, city and county, city or other municipal or public corporation. No such provision is found in reference to the first class of claims mentioned *supra*.

It is conceded that a teacher, although a public employee, is not an ''elective officer, or officer receiving a statutory salary'', and it therefore follows that the salary warrants due to such public employee are not attachable.

This interpretation of the amended section is in accord with the interpretation placed upon it in the recent case of *Weiser* v. *Payne,* 110 Cal. App. 378 [294 Pac. 407]. In that case, the court, in holding a teacher's salary not attachable under the provisions of section 710, stated:

''This section has been recognized, and is here admitted, as special legislation calculated to provide a method for the subjection of debts due from the state or certain of its specified political subdivisions to liens of judgments. (*Irilarry* v. *San Diego,* 186 Cal. 535 [199 Pac. 1041] ; *Walker* v. *Rich,* 79 Cal. App. 139 [249 Pac. 56] ; *Gamble* v. *Utley,* 86 Cal. App. 414 [260 Pac. 930].) Our courts have frequently held that public policy denounces as unfavorable to the pro-

per functioning of governmental institutions any attachment or garnishment of their funds or the salaries of their agents, but that this especial enactment is not such legislation. (*Walker* v. *Rich, supra; Ruperich* v. *Baehr,* 142 Cal. 190 [75 Pac. 782]; *Irilarry* v. *San Diego, supra.*) Hence, the statute in question must be accepted and applied rather as a grant of a privilege than as the announcement or sanction of an inherent right, and its scope measured accordingly. With these principles in mind, it becomes obvious that the petitioner's contention, the effect of which would be to include wages and salaries of various municipal employees, is untenable. His claim is not such as may be 'filed with the state department, board or commission or officer' of a state department, board or commission. It is conceded that the judgment debtor is not an elective officer or officer receiving a statutory salary, and has no money due from the state. This precludes an attempt to invoke the remaining clauses providing that 'if the defendant be an elective officer or officer receiving a statutory salary, (the judgment may be filed) with the controller of the state of California, or the auditor of any county, city and county, city or other municipal or public corporation'. We conclude that since the judgment is not founded upon a claim entitling it to lodgment with a state department or officer thereof, and the judgment debtor is not an officer of the state nor of a municipality, the fund in controversy, as salary of an instructor in the public schools, in custody and control of the county auditor, is not subject to the provisions of section 710 of the Code of Civil Procedure.''

We are in accord with the reasoning employed in the above decision.

The judgment appealed from is affirmed.