[Civ. No. 11358. Second Appellate District, Division Two.—May 17, 1937.]

## THE BOARD OF EDUCATION OF THE CITY OF LOS ANGELES, Appellant, v. FREDERIC ELLSWORTH BALLOU, Respondent.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard and W. B. McKesson, Deputies County Counsel, for Appellant.

John A. Gilligan, Hallam Mathews and Theodore W. Russell for Respondent.

WOOD, J.—Plaintiff appeals from a judgment of dismissal entered upon the sustaining of defendant's demurrer without leave to amend. The complaint was filed under the provisions of section 5.650 et seq. of the School Code wherein are provided proceedings for dismissal of permanent teachers. In its complaint the plaintiff board set forth that it is the governing board of the Los Angeles city high school district; that defendant is a permanent teacher of the district; that notice of incompetency had been served upon defendant and that written verified charges had been filed with the plaintiff board; that defendant had demanded a hearing upon the charges in accordance with the provisions of the School Code.

Defendant contends that the charges set forth in the complaint constitute mere conclusions and that they fail to give notice to defendant of the charges against him "with sufficient definiteness" to enable him to prepare a defense. It is charged in the complaint that defendant "demonstrated in the classroom a lack of knowledge of the subject matter of architectural drawing, which said subject he was assigned to teach, which lack of subject matter resulted in said defendant being rated as unsatisfactory as a teacher; . . . demonstrated a poor organization of the classroom materials, which lack of organization of the classroom materials resulted in the pupils getting far behind in the work assigned to the class and resulted in the home room work remaining uncompleted for several weeks; . . . lost control of the class, and the students caused confusion by their noise and failure to settle down to work, all of which was known to the defendant and not corrected by him; that defendant lacked ability to properly discipline the pupils under his control, and on frequent occasions indiscriminately penalized pupils without just cause, all of which resulted in dissatisfaction among the pupils and demonstrated his lack of ability to maintain proper classroom discipline . . . ; lost his temper in the presence of the class; . . . insulted pupils and harshly criticised them in the presence of their fellow pupils; . . . failed and refused . . . to accept the suggestions and directions of the principals, assistant superintendents and supervisors of the work, who were his immediate superiors, in the manner in which he should present his subject to the pupils and in the method of proper handling of the classroom; . . . demonstrated such lack of self-control in the presence of the

pupils by permitting himself to become annoyed, irritated and aggravated while in the classroom''.

The legislature in 1935 by amending the School Code brought about very significant changes in the procedure for dismissing permanent teachers for cause. Administrative school officials were deprived of the power to dismiss permanent teachers for cause and it was made necessary for the governing board, in order to bring about a dismissal, to file a complaint in the superior court ''asking that the court inquire into such charges and determine whether or not such charges are true, and if true, whether or not they constitute sufficient grounds for the dismissal of such employee, under the provisions of this code, and for judgment pursuant to its findings''. The legislature has placed upon the judges the duty of determining whether a teacher should be dismissed when charges such as incompetency are filed. A duty essentially administrative has been withdrawn from administrative officials and imposed upon officials exercising judicial functions. It is to be hoped that the legislature will not be prevailed upon to extend this duty so that the courts will be compelled to pass upon all of the charges that may be filed against the civil service employees of the state and its various political subdivisions.

The removal of an employee from his position of employment is essentially an administrative matter. A school teacher is an employee rather than an officer. (*Kennedy* v. *Board of Education*, 82 Cal. 483 [22 Pac. 1042]; *Weiser* v. *Payne*, 110 Cal. App. 378 [294 Pac. 407].) The removal remains an administrative act notwithstanding the legal prerequisite that it can be brought about only after charges are preferred and heard. In removing an employee for cause it is not necessary that the charges be prepared with all the formalities that are necessary in an indictment. Such charges are sufficient if they are made in simple language and are broad enough to fairly advise the employee of their nature so that he can properly prepare a defense thereto. (McQuillin on Municipal Corporations, 2d ed., sec. 588; *People* v. *Thompson*, 94 N. Y. 451.) The charges made in the complaint, and above set forth, are sufficient to advise defendant in what respect it is claimed that he is incompetent and unfit to continue in his employment. It is to be noted that the School Code does not require that the board

formulate the charges in its own language. The requirements of the code may be met if the board files a complaint setting forth the charges which had been filed with the board.

Defendant contends that he was not given the notice prescribed by section 5.652 of the School Code. This section is as follows: "Governing boards of school districts shall not act upon any charges of incompetency other than incompetency due to physical or mental disability unless during the preceding term or half school year prior to the date of the filing of such charge, and at least ninety days prior to the date of such filing, the board or its authorized representative shall have given the employee against whom the charge is filed, written notice of such incompetency, specifying the nature thereof with such particularity as to furnish the employee an opportunity to correct his faults and overcome his incompetency." Within due time plaintiff gave to defendant the following notice: "Please be informed that at a meeting of the Board of Education of the City of Los Angeles on January 23, 1936, the Board adopted a report of its Superintendent and Teachers and Schools Committee recommending that you be classified as an incompetent teacher, and that you be notified *by our* incompetency, such incompetency having resulted from your manifestation of the following qualities, towit: 1. Lack of proper knowledge of the subject matter of the school work that you are attempting to teach. 2. Lack of proper organization of your school work. 3. Lack of proper control or discipline of pupils. 4. Failure to control your temper in disciplining pupils. 5. Lack of courtesy in your contact with pupils and co-workers. 6. Failure to accept suggestions and cooperate with principal and co-workers; and 7. Lack of self control in presence of pupils. Pursuant to the above mentioned Board action and to the provisions of Section 5.652 of the School Code, you are accordingly hereby respectfully notified of your incompetency." Section 5.652 requires that the notice specify the "nature" of the alleged incompetency with sufficient particularity to furnish the employee an opportunity to correct his faults. It is not required that any particular facts or episodes be set forth in the notice. Defendant was given sufficient notice of the charges against him to enable him to overcome his deficiencies if he had the ability and desire to do so. Counsel for plaintiff aptly suggests that the governing board notified

defendant to study more, plan more, control his temper, be more polite, be more cooperative and be more self-controlled. The notice was a sufficient compliance with section 5.652 of the School Code. According to the charges contained in the complaint defendant did not profit by the admonition contained in the notice. In our view the complaint states a cause of action.

The judgment is reversed and the superior court is directed to overrule the demurrer.

Crail, P. J., and McComb, J., concurred.