[Civ. No. 53790. First Dist., Div. Five. June 29, 1984.]

LAURENCE MOSES et al., Plaintiffs and Respondents, v.
CHARLES G. DeVERSECY et al., Defendants and Appellants.

1072

COUNSEL

Andrew J. Capestro for Defendants and Appellants.

James J. Cook and Law, Cook & McCrone for Plaintiffs and Respondents.

OPINION

**LOW, P.J.**—Defendants Charles and Geraldine DeVersecy appeal from a decision of the superior court denying a claim of exemption. Defendants contend that the superior court erred when it ruled that Charles's bank account was not exempt earnings within the definition of Code of Civil Procedure section 706.011 (formerly, Code Civ. Proc., § 723.011).

Plaintiffs Laurence and Madeline Moses were awarded $3,000 in a successful action for defamation against the defendants.[1] A writ of execution was obtained and the personal checking account of Charles DeVersecy was garnished. Charles DeVersecy is a self-employed certified public accountant. The defendants filed a claim of exemption, which the superior court ruled was not exempt.

I.

Code of Civil Procedure section 706.020 exempts the earnings of an employee from the payment of a debt incurred as the result of an adverse judgment. Code of Civil Procedure section 706.011, subdivisions (a) and (b) define "[e]arnings" and "[e]mployee" as follows: "(a) 'Earnings' means compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise. [¶] (b) 'Employee' means a public officer and any individual who performs services subject to the right of the employer to control both what shall be done and how it shall be done."

---

[1]The case arose out of a neighborhood dispute and concerned matters which should have been resolved informally and outside of court. Mrs. Geraldine DeVersecy was offended by Colonel Laurence Moses' refusal to return "social obligations." As a result, Mrs. DeVersecy complained to Colonel Moses' superiors about his alleged unofficer-like conduct, his unneighborly demeanor and the alleged use of military property to trap raccoons which were destroying his lawn. The trial court found all of these allegations were false and awarded plaintiffs $3,000. Mrs. DeVersecy did not bring these matters to the attention of Colonel Moses or his wife and instead chose to embarrass him by complaining to his superior officers about matters which she knew were untrue, or were, at least, greatly exaggerated.

Defendants appealed; we affirmed. That decision is unpublished.

▉ Defendants contend that the earnings of a self-employed certified public accountant fall within the definition of Code of Civil Procedure section 706.011 because Mr. DeVersecy's clients can control his work. Defendants cite *Gamble* v. *Utley* (1927) 86 Cal.App. 414 [260 P. 930], for the proposition that an attorney's earnings fall within the exemption of Code of Civil Procedure section 706.011. *Gamble* dealt with the garnishment of a district attorney's wages. A district attorney is employed by the county and this relationship is quite different from a self-employed certified public accountant. A self-employed certified public accountant is not subject to the control of his clients in what work could be done or how the work should be done.

Defendants next argue that 75 percent of their bank accounts should be exempt from garnishment pursuant to Code of Civil Procedure section 706.050. ▉ Section 706.050 only applies to situations where an earnings withholding order is contested. That is not the subject matter of the appeal and Code of Civil Procedure section 706.050 is therefore inapplicable.

## II.

▉ We conclude that this appeal was taken solely for purposes of delay and that sanctions in the amount of $3,000 total may be properly imposed against defendants and their counsel. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a); *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179].) ▉ In *Flaherty,* our Supreme Court determined that an appeal is frivolous "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.,* at p. 650.) The court also held that due process requires the attorney and his client to be given notice and an opportunity to be heard before sanctions are imposed and a written statement of the reasons for imposing the sanctions. (*Id.,* at p. 654.) Pursuant to that command, this court conducted a noticed hearing on May 2, 1984, to give defendants and their counsel an opportunity to show cause why sanctions should not be imposed in this matter.

▉ We are convinced that this appeal was taken solely for the improper motive to delay satisfaction of the judgment. The defendants' brief raises no meritorious issues. Code of Civil Procedure section 706.011, subdivisions (a) and (b), which define the persons whose earnings are exempt from garnishment, clearly do not apply to Mr. DeVersecy's occupation as a self-employed accountant. Moreover, the one case defendants cite to support

their position, *Gamble* v. *Utley, supra,* 86 Cal.App. 414, is readily distinguishable and cannot be used to support the claimed exemption.

The indisputable lack of merit of defendants' brief suggests that the appeal was taken without much sincere hope in prevailing on the merits, but in order to further delay payment of the relatively small money judgment. (See *People* v. *Beverly Bail Bonds* (1982) 134 Cal.App.3d 906, 914 [185 Cal.Rptr. 36]; see also *Hersch* v. *Citizens Savings & Loan Assn.* (1983) 146 Cal.App.3d 1002, 1012-1013 [194 Cal.Rptr. 628] [where the economics of a large judgment motivated the delay].)

From an economic point of view, the $3,000 judgment does not justify the expense of the trial court proceedings and the appeal. Surely, the defendants' legal expenses must have exceeded the judgment. The sensible course to follow would have been to pay the judgment and to put an end to the neighborhood dispute and the bruised feelings that characterized this suit from the start.

Defendants placed the legal obstacles to the conclusion of this matter solely to delay satisfaction of the judgment. We not only find defendants to be culpable for prosecuting this frivolous appeal, but we conclude that their counsel also acted irresponsibly in pursuing this appeal in disregard of the interests of the administration of justice. (*In re Marriage of Flaherty, supra,* 31 Cal.3d at pp. 647-648; see also *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 649 [192 Cal.Rptr. 57].) In *Cosenza* v. *Kramer* (1984) 152 Cal.App.3d 1100 [200 Cal.Rptr. 18], we held that the responsibility for misuse of the appellate process to delay payment of an obligation must be borne not only by the client but also by the attorney. (*Id.,* at pp. 1102-1103.)

The judgment is affirmed. Defendants and their counsel, jointly and severally, are ordered to pay the sum of $3,000 as a penalty for prosecuting this appeal solely to delay the effect of the judgment.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied July 20, 1984, and appellants' petition for a hearing by the Supreme Court was denied September 26, 1984.