TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 99-617 |
|  | : |  |
| of | : | September 16, 1999 |
|  | : |  |
| BILL LOCKYER | : |  |
| Attorney General | : |  |
|  | : |  |
| CLAYTON P. ROCHE | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

THE HONORABLE MCGREGOR W. SCOTT, DISTRICT ATTORNEY, SHASTA COUNTY, has requested an opinion on the following question:

May marriage ceremonies be solemnized by a county sheriff, district attorney, assessor, or supervisor?

CONCLUSION

Marriage ceremonies may not be solemnized by a county sheriff, district attorney, assessor, or supervisor.

ANALYSIS

Section 400 of the Family Code[1] generally sets forth who may solemnize marriages in California.  It provides:

"Marriage may be solemnized by any of the following who is the age of 18 years or older:

"(a)  A priest, minister, or rabbi of any religious denomination.

"(b) A judge or retired judge, commissioner of civil marriages or retired commissioner of civil marriages, commissioner or retired commissioner, or assistant commissioner of a court of record in this state.

"(c) A judge or magistrate who has resigned from office.

"(d) Any of the following judges or magistrates of the United States:

"(1) A justice or retired justice of the United States Supreme Court.

"(2) A judge or retired judge of a court of appeals, a district court, or a court created by an act of Congress the judges of which are entitled to hold office during good behavior.

"(3) A judge or retired judge of a bankruptcy court or a tax court.

"(4) A United States magistrate or retired magistrate.

"(e) A legislator or constitutional officer of this state or a member of Congress who represents a district within this state, while that persons holds office."

Subdivision (e) was added to section 400 in 1998 (Stats. 1998, chs. 931, 932) and is the focus of this opinion.  Does the phrase "constitutional officer of this state" include a county sheriff, district attorney, assessor, or supervisor?  We conclude that it does not.

With respect to general law counties, subdivision (b) of section 1 of article XI

---

[1] Section references are to the Family Code unless otherwise indicated.

of the Constitution states:

> "The Legislature shall provide for county powers, an elected county sheriff, an elected district attorney, an elected assessor, and an elected governing body in each county. . . ."

With respect to charter counties, section 4 of article XI of the Constitution provides:

> "County charters shall provide for:
>
> "(a) A governing body of 5 or more members, elected (1) by district or, (2) at large, or (3) at large, with a requirement that they reside in a district. . . .
>
> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> "(c) An elected sheriff, an elected district attorney, an elected assessor, other officers, their election or appointment, compensation, terms and removal.
>
> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

> In contrast to these local offices established by the Legislature or county charter, the Constitution enumerates the following state constitutional officers: Governor (Cal. Const., art. V, § 1), Lieutenant Governor (Cal. Const., art. V, § 9), Attorney General (Cal. Const., art V, § 13), Controller (Cal. Const., art. V, § 11), Insurance Commissioner (Cal. Const., art. V, § 14, subd. (f)), Secretary of State (Cal. Const., art. V, § 11), Treasurer (Cal. Const., art V, § 11), and members of the State Board of Equalization (Cal. Const., art. XIII, § 17). The Constitution specifically defines a "state officer" in subdivision (f) of section 14 of article V as:

> "'State officer,' as used in this section, means Governor, Lieutenant Governor, Attorney General, Controller, Insurance Commissioner, Secretary of State, Superintendent of Public Instruction, Treasurer, and member of the State Board of Equalization."

Accordingly, although the Constitution refers to county sheriffs, district attorneys, assessors, and supervisors as being provided by the Legislature or county charter, it refers to the Governor, Lieutenant Governor, Attorney General, Controller, Insurance Commissioner, Secretary of State, and members of the State Board of Equalization as state officers.

On June 23, 1999, the State Registrar of Vital Statistics ("Registrar") gave the following instruction to county clerks and county recorders regarding the new provisions of subdivision (e) of section 400:

> "Under the new law legislators who are elected members of the California Assembly or Senate, a member of Congress (California representative) and the following State constitutional officials may now perform marriages:
>
> - Governor
> - Lieutenant Governor
> - Attorney General
> - Controller
> - Insurance Commissioner
> - Secretary of State
> - Superintendent of Public Instruction
> - Treasurer
> - Members of the State Board of Equalization."

We have reviewed the legislative history of the 1998 amendment of section 400 which added subdivision (e). Nothing therein contradicts the administrative construction of the statute by the Registrar.

In this regard, we note that the Legislature has enacted a comprehensive statutory scheme (Health & Saf. Code, §§ 102100-103800) governing the registration of marriage certificates and other vital records. A marriage certificate must contain the name and address "of the person performing the ceremony . . . [and] his or her official position . . . ." (Health & Saf. Code, § 103175.) The Registrar is responsible for prescribing the forms for marriage certificates (Health & Saf. Code, § 102200) and for instructing local registrars concerning "the uniform observance of [Health and Safety Code section 102100-103800] and the maintenance of a satisfactory system of registration" ( Health & Saf. Code, § 102205; see Health & Saf. Code, § 102180). The Registrar is specifically required to "carefully examine the marriage certificates received from the county recorders," returning any that are found to be incomplete or unsatisfactory. (Health & Saf. Code, § 102225.)

In light of the Registrar's duties in administering Health and Safety Code sections 102100-103800, his interpretation as to which state officials are authorized to perform marriage ceremonies is entitled to great respect. In *People* ex rel. *Lungren* v. *Superior Court* (1996) 14 Cal.4th 294, 309, the Supreme Court recently reaffirmed:

"... 'Although not necessarily controlling, as where made without the authority of or repugnant to the provisions of a statute, the contemporaneous administrative construction of [an] enactment by those charged with its enforcement . . . is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized.' (*Coca-Cola Co.* v. *State Bd. of Equalization* (1945) 25 Cal.2d 918, 921.)"

Moreover, interpreting the phrase "constitutional officer of this state" to mean a state officer specified in the Constitution provides consistency with the remainder of the statutory phrase: "[a] legislator . . . of this state . . . ." The reference to a member of the Legislature, clearly a state official rather than a local official, undermines any suggestion that a county officer is to be considered a "constitutional officer of this state" as that phrase is used in section 400, subdivision (e). We are to interpret statutes by giving "significance, if possible, to every word," and "statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.)

Accordingly, while county officers mentioned in the Constitution may be deemed "constitutional officers" for some purposes (see *People* v. *Hastings* (1868) 34 Cal. 571, 576; *Beck* v. *County of Santa Clara* (1988) 204 Cal. App.3d 789, 795; *Gamble* v. *Utley* (1927) 86 Cal.App. 414, 420; *People* v. *Gunn* (1916) 30 Cal.App. 114, 117), they are not "constitutional officer[s] of this state" for purposes of solemnizing marriages.

We thus conclude that marriage ceremonies may not be solemnized by a county sheriff, district attorney, assessor, or supervisor.

\* \* \* \* \*